**Solomon & Cramer LLP**
1441 Broadway, Suite 6026
New York, New York 10018
(t) 212-884-9102
(f) 516-368-3896
--------
Andrew T. Solomon
Jennifer G. Cramer

June 14, 2019

Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Vinas v. MLJ Painting Corp.,* 1:19-cv-02921-AMD-RML

Dear Judge Donnelly:

This firm represents defendants MLJ Painting Corp. ("MLJ") and Joseph Picataggi. We write to request a pre-motion conference, pursuant to Rule 4(A)(i) to the Court's Individual Practices, in advance of a motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

According to the Amended Complaint, this is a putative "FLSA collective class action" brought by Plaintiffs seeking to recover "New York State mandated prevailing wages and supplemental benefits as well as unpaid overtime and wage notice damages under the New York Wage Theft Prevention Act." ECF 5 at ¶ 1. To bring the action in this court, Plaintiffs also allege unpaid overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and invoke the FLSA's "collective action" provision, 29 U.S.C. § 216(b). This is the second consecutive wage claim brought by these plaintiffs against a small business who allegedly hired them as manual workers, and concerns an overlapping time period.[1]

The Amended Complaint is subject to dismissal on jurisdictional and substantive grounds. A summary of those grounds, which defendants would present in a Rule 12 motion, are as follows:

<u>Personal Jurisdiction</u>. Plaintiffs filed two affidavits of service, claiming to have served a summons on defendant MLJ via the New York State Secretary of State on May 24, 2019, *see* ECF 6, and on defendant Picataggi by leaving a summons with a person of suitable age at his address on June 5, 2019, *see* ECF 7. These are false filings. The Court did not issue any summonses, and Plaintiff served *unsigned* summonses on MLJ and Mr. Picataggi. In addition, Plaintiffs have failed to allege sufficient facts to establish that Mr. Picataggi was an "employer" under the various wage statutes and he should be dismissed as a defendant. *See, e.g., Ayala v. Looks Great Servs.*, 2016 U.S. Dist. LEXIS 81912, *10-20 (E.D.N.Y. 2016).

---

[1] *See Vinas v. Procida Constr. Corp.,* 1:18-cv-01699-DCF (Filed 2/26/28; Settled 1/11/19; Dkt. No. 43)

<u>Plaintiffs' Failure to Allege a Claim for Unpaid Overtime Under the FLSA</u>.  The only federal cause of action in the Amended Complaint is the fifth, which attempts to plead a claim under the FLSA. The pleading is deficient in two respects. First, Plaintiffs have alleged no facts (just conclusions) indicating that they were "engaged in commerce or in the production of goods for commerce" or that defendants were "an enterprise engaged in commerce or in the production of goods for commerce," as required by 29 U.S.C. § 207.  *See Seeman v. Gracie Gardens Owners Corp.*, 794 F. Supp. 2d 476, 483-84 & n.2 (S.D.N.Y. 2011); *Alladin v. Paramount Mgmt., LLC*, 2013 U.S. Dist. LEXIS 121949, at *15 (S.D.N.Y. Aug. 27, 2013).

Second, in order to allege a violation for unpaid overtime under 29 U.S.C. § 207, a plaintiff "must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health Sys. of Long Island*, Inc., 711 F.3d 106, 114 (2d Cir. 2013). This requires the plaintiff, at a minimum, to identify "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* at 114.  It is not enough to simply allege, as conclusion, that a plaintiff was "not paid for overtime hours worked." *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013). Here, plaintiffs have not even tried to meet their pleading burden. *See* ECF 5 at ¶¶ 109-117.

<u>Subject Matter Jurisdiction</u>.  Because Plaintiffs have not alleged a federal claim, the Court should dismiss the state law claims for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c).

<u>Several of Plaintiffs' State Law Claims are Also Deficient as a Pleading Matter</u>. Plaintiffs occasionally refer to, and request relief for, unpaid overtime under New York law.  *See, e.g.*, ECF 5 at ¶ 1, Prayer for Relief (c).  However, Plaintiffs did not include any claim for such unpaid overtime as a cause of action.  In any event, Plaintiffs' factual allegations regarding unpaid overtime under New York law are facially insufficient to state a claim for the same reasons they are insufficient under federal law: no particularity as to the weeks where more than 40 hours were worked.  *See DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2d. Cir. 2013).

Plaintiff's first cause of action is for breach of contract, alleging unpaid wages and supplemental benefits under New York's Prevailing Wage Law, which covers public works projects. New York law is clear that a plaintiff may elect to pursue a claim for unpaid prevailing wages either in an administrative forum, or in court as an action for breach of contract as a third-party beneficiary of a public works contract.  However, if a plaintiff elects to go the latter route, to survive a motion to dismiss, the plaintiff must identify the contract and allege the provisions the defendant allegedly breached. *Maldonado v. Olympia Mech Piping & Heating Corp.*, 8 A.D. 2d 348, 350 (N.Y. App. Div. 2004).  Plaintiffs failed to do so here.  Moreover, Plaintiffs have failed to plausibly allege any construction projects which would qualify as a public works.  *See* ECF 5 at ¶¶ 6-7. Plaintiffs identify two purported "public projects" on which they worked: a property at 34-42 35th St., in Long Island City, and a Boys and Girls Club on 250 Bradhurst Ave., in Manhattan.  The Long Island City property is a residential condominium. The Court may take judicial notice of this information, which is freely available on Google and Google Maps.  *See Guzman v. Mel S. Harris & Assocs., LLC*, 2018 U.S. Dist. LEXIS 49622, at *16 n.9 (S.D.N.Y. Mar. 22, 2018).  Plaintiffs also allege the Boys and Girls Club is "publicly funded." An allegation that a project is publicly funded is insufficient as a matter of law to establish it as a

public works. *National R. Passenger Corp. v. Hartnett*, 169 A.D.2d 127, 132 (N.Y. App. Div. 1991).

Plaintiffs' second cause of action is for unjust enrichment and encompasses the same transactions and occurrences as alleged in support of their statutory claims. "[U]nder established case law, where there is an adequate remedy at law, a court will not permit a claim in equity." *Scarpinato v. East Hampton Point Mgmt. Corp.*, 2013 U.S. Dist. LEXIS 131338, at *6-7 (E.D.N.Y. Sept. 13, 2013). Because the unjust enrichment claim is simply duplicative of the statutory claims, plaintiffs' second cause of action should be dismissed.

The remaining causes of action (for wage notices and wage statements) are sparsely pled. Whether they meet the pleading standards is an academic point as subject matter jurisdiction is lacking.

Conclusion. The Amended Complaint, as it currently stands, is insufficiently pleaded and without jurisdiction. We, therefore, request a pre-motion conference in anticipation of a planned motion to dismiss.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon
asolomon@solomoncramer.com