**Law Offices of Jacob Aronauer**
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

July 30, 2019

**<u>Via ECF</u>**
Judge Ann Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

>    *Re: Vinas et al. v. Vinas*
>       *19-cv-02921 (AMD) (RML)*

Dear Judge Donnelly:

    This office represents Plaintiffs in the above captioned matter. This letter constitutes Plaintiffs' opposition to Defendants' motion to dismiss. For the reasons set forth, Plaintiffs' second amended complaint ("SAC") rectifies any purported deficiencies. Furthermore, Defendants' pre-motion to dismiss is not actually an application to move to dismiss. Rather, Defendants seek to move for summary judgment without the benefit of discovery.

    We also ask that the Court note that Defendants fail to provide reasons why they should be given permission to move to dismiss the lawsuit after the SAC was filed other than to vaguely state that the same defects still exist (dkt 13). This is disappointing as Plaintiffs have made specific changes to rectify the purported deficiencies in the amended complaint that are not addressed by Defendants.

    Plaintiffs' sufficiently allege that Defendant Joseph Picataggi was an employer under the FLSA and NYLL. *See* SAC ¶¶ 25, 96,99, 102,104,115,120, respectively. The one case that Defendants cite in support of their motion to dismiss, *Ayala v. Looks Grerat Servs.*, 2016 U.S. Dist. LEXIS 81912, *10-20 (E.D.N.Y. 2016) is not analogous. In *Ayala*, one of the defendants was dismissed because plaintiff only alleged that the defendant was simply a "manager" of the corporate defendant. In contrast, Plaintiffs sufficiently allege that Picataggi made the decision not to pay them the prevailing wage, their actual wages and the hours they would work. Without the benefit of discovery, outside of declarations from Plaintiffs, it is virtually impossible for Plaintiff to plead in any further sufficient detail that Picataggi was their immediate supervisor.

    Plaintiffs allege a claim for unpaid overtime under the SAC. First, ¶35 of the SAC alleges that "upon information and belief, throughout all relevant periods, MLJ offered services in New York and New Jersey and its annual revenues exceeded

$500,000." Second, ¶40 of the SAC alleges "Plaintiffs and Class members, as part of their employment for MLJ, used tools, paint and other materials that have been moved in or produced for interstate commerce. *See Boutros v. JTC Painting and Decoratin*, 989 F. Supp. 2d 281, 284-85 (S.D.N.Y. 2013).

> The TAC . . . cures this problem. It alleges that JTC's painters . . . are employees who use tools, paint, and other materials that travel in interstate commerce. TAC ¶ 18. It also alleges that JTC offers services in the "New York Tri–State area," id., and that its annual revenues exceed $500,000, id. ¶ 19. These pleadings satisfactorily allege that JTC is an enterprise covered by the FLSA.").

The SAC details hours worked and payments received by Plaintiffs J. Vinas and A. Vinas. Specifically, Plaintiffs make clear that there were weeks were they worked more than 40 hours a week. *See* ¶¶ 103,122 of the SAC.

Plaintiffs sufficiently plead wage notice violations under NYLL 195(1) and 195(3), respectively. *See* ¶¶ 118-121,131-143 of the SAC sufficiently discuss Defendants' failure to provide the applicable notices.

The SAC sufficiently alleges public work projects. First, ¶¶ 5,10 of the SAC changes the term "publicly funded projects" to "public work" projects. Admittedly, it is true that "significant partial and even complete governmental funding of an improvement is insufficient to convert a private project into a public works" because a venture may have a private purpose despite the public purpose of its funding scheme. Discovery, though, is needed to ascertain if that is the case in our matter. Indeed, *Matter of Nat'l R.R. Passenger Corp. v. Harnett*, 169 A.D.2d 127, 132 (N. Y. App. Div. 1991). However, *Nat't R.R. Passenger Corp.* concerns a motion for summary judgment and does not address pleading standards.

Furthermore, the Court should not credit a defendant's denial of factual allegations in the Complaint, unless it is established by a document attached to, incorporated by, or otherwise integral to the Complaint. *See Johnson v. Carlo Lizza & Sons Paving, Inc.,* 160 F. Supp. 3d 605, 615-16 (S.D.N.Y. 2016) (denying defendants' motion to dismiss, which argued that plaintiffs were not laborers, workmen, or mechanics within the meaning of NYLL section 220 because defendants did not come forward with the contracts to contradict the factual allegations of the complaint). That is what Defendants do with respect to the Long Island City project as they request the Court to take into consideration information outside of the four corners of the SAC. Tellingly, with respect to the other project, Defendants do not argue that the Boy Girls Clubs project in question was not a prevailing wage project. It is respectfully requested that the Court allow discovery to proceed so that Plaintiffs can demonstrate that Defendants failed to pay Plaintiffs prevailing wage rates for the respective prevailing wage projects they worked on.

Plaintiffs have sufficiently pleaded a claim for breach of contract under New York's prevailing wage law. Defendants claim that Plaintiffs have not identified the

contract and allege the provisions that Defendants allegedly breached is not without merit. Defendants' cite *Moldonado v. Olympia Mech. Piping & Heating Corp.*, 8 A.D.3d 348, 350 (2d Dep't 2004) for the proposition that plaintiff must identify the contract and allege the provisions the defendant allegedly breached.  However, in *Moldonado* the plaintiffs did not identify the contracts that the defendants breached.  In contrast, Plaintiffs identify two purported public work projects, plus provide the dates on which J. Vinas and A. Vinas allegedly worked on public works projects.

Furthermore, it is not necessary to identify the specific language of the contract breached, it should be sufficient to identify a public works project that Plaintiffs worked on because New York law requires public works contracts to include prevailing wage provisions so "there is no need to parse the particular language of any one contract's prevailing wage terms to determine whether defendant breached it." *See Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d. 346, 365 (E.D.N.Y 2011), vacated in part, 773 F.3d 394 (2d Cir. 2014) (denying defendant's motion for summary judgment where plaintiffs failed to submit the public works contracts underlying their claims).

For the reasons discussed, it is respectfully requested that the Court not grant Defendants leave to move to dismiss the complaint.  As it is well settled that it is the Courts preference not to decide the case on the pleadings but instead to decide the case on the merits.  I request of the Court to permit my clients to have their day in Court.

                                    **THE LAW OFFICES OF JACOB ARONAUER**

                                    Respectfully,

                                    */s/ Jacob Aronauer*
                                    Jacob Aronauer
                                    *Attorney for Plaintiffs*

cc:    **Via ECF**
        *All attorneys on record*