Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

August 27, 2019

**Via ECF**
Hon. Ann Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Rule II (A) Request for Pre-Motion Conference
                  *Vinas et al. v. MLJ Painting Corp., et al.*
                  *19-cv-02921 (AMD) (RML)*

Dear Judge Donnelly:

        This office represents Plaintiffs John Vinas ("J. Vinas") and Andreas Vinas ("A. Vinas") (collectively "Plaintiffs") in the above captioned matter. We request a pre-motion conference with the Court concerning Plaintiffs' request to move for conditional certification. We request to be heard on September 4, 2019, the day that Defendants' request for permission to move to dismiss the Second Amended Complaint ("Sec. Amend. Compl.") will be discussed.

        Plaintiffs respectfully request that the Court permit Plaintiffs to file a motion for conditional certification, and permit the circulation of a notice of pendency to all of Defendants' current and former painters under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) ("FLSA"). Plaintiffs request that this certification cover all painters currently or previously employed by MLJ Painting Corp.

        At this early stage of the case, Plaintiffs are only required to make a showing that they and Defendants' other former and current employees are similarly situated, which means that they were subject to a common plan or scheme by Defendants that violated the FLSA and New York Labor Law ("NYLL"). As set forth in the Sec. Amend. Compl., Defendants systematically failed to pay proper overtime wages for work performed by Plaintiffs and similarly situated employees in excess of 40 hours per week as required under the FLSA and NYLL.

A.    **Statement of Facts**

        Plaintiff Jhon Vinas was employed at MLJ Painting Corp. from June 2015 to June 2017, and again from April 2018 to February 2019. *See* ¶ 1 of the J. Vinas declaration

("J. Vinas Decl.").[1] The owner of MLJ Painting Corp. is Joseph Picataggi. Id. at ¶ 2. As the sole owner of MLJ Painting Corp., Picataggi exercised sufficient control to establish Defendants' pay practices. Id. at ¶ 9; see also ¶¶ 21-25 of the Sec. Amend. Compl.

Throughout the majority of Plaintiff J. Vinas employment at MLJ Painting Corp., he was not paid the correct amount overtime wages as required under the FLSA and NYLL. Id. at ¶¶ 5-6. There are approximately 30 current and former employees of MLJ Painting Corp. who were not paid correctly. Id. at ¶ 21 of J. Vinas Decl. Some of these individuals include Oswaldo Palacios, Jorge Santiago, Isidro Cruz, Bryan Walo, Bryan Diego Ellis, Carlos Castillo and Leonardo Garcia. Id. at ¶ 21.

As discussed in the Sec. Amend. Compl. (dkt 11), A. Vinas also worked a similar schedule as his brother and was not paid time and one half for all work performed after 40 hours. *See* Second Amended Complaint, ¶¶ 111-123.

B. **The Court Should Conditionally Certify a Collective Action**

The Court should conditionally certify a collective action because Plaintiffs have met their minimal burden at this preliminary stage of litigation, and the first step of collective action certification is to demonstrate that they are "similarly situated" to other painters. At this stage, plaintiffs applying for certification of a collective action are not required to establish numerosity, typicality, commonality and representativeness. *See Wang v. The Hearst Corporation*, 2012 WL 28645424 at *2 (S.D.N.Y. July 12, 2012). Furthermore, FLSA matters involving construction workers, due to the similarity of their jobs, are regularly granted conditional certification. *Alcantara-Flores v. Vlad Restoration, Ltd.*, 2017 U.S. Dist. LEXIS 67147 (E.D.N.Y. May 2, 2017); *see also Portilla v. Bridgehampton Stone, Inc.*, 2019 U.S. Dist. LEXIS 39686 (E.D.N.Y. May 12, 2019).

In deciding whether to certify a collective action, the court must determine through a two-step process whether the plaintiffs and other putative plaintiffs are "similarly situated." At this preliminary stage, the evidentiary standard is categorized as lenient as the plaintiffs only have to set forth a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy and/or plan that violated the law. *See Kassman v. KPMG*, 2014 U.S. Dist. LEXIS 93022 at *13 (S.D.N.Y. July 8, 2014) (Judge Schofield noting that for conditional certification to be granted, named plaintiffs only must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law'") citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

Through the Sec. Amend. Compl. and J. Vinas' declaration, Plaintiffs have satisfied their minimal burden of showing that Defendants adopted a policy or plan whereby they did not pay employees applicable overtime rates. In particular, Plaintiffs

---

[1] J. Vinas' declaration is annexed hereto as Exhibit A.

have alleged in their pleadings and in the declaration that they worked substantially more than 40 hours per week but were not paid time and one half for all work performed after 40 hours. Plaintiffs' assertions alone allow the court to draw a viable inference that others are similarly situated to them, warranting conditional collective action certification at this time. *Tapia-Castrejon v. Sahara East Rest. Corp.*, 2015 U.S. Dist. LEXIS 111898 at *4 (S.D.N.Y. Aug. 18, 2015). In addition, J. Vinas' declaration referred to 7 other employees that Defendants failed to pay in compliance with the FLSA. *See Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 350 (S.D.N.Y June 8, 2017) (Judge Karas finding that plaintiffs met the minimal burden for conditional certification for conditional certification because the declaration named other potential members of the FLSA Collective).

Plaintiffs respectfully submit that the Court should toll the statute of limitations for all putative opt-in plaintiffs while this motion is pending. Although the statute of limitations continues to run for each potential plaintiff until he or she files a consent to join form, courts have equitably stayed such claims while deciding motions to conditionally certify a collective action. *See McGlone v. Contract Callers, Inc.*, 867 F. Supp.2d 438, 445 (S.D.N.Y. 2012). As noted by Judge Sweet, in instances (which are present here) when "putative class representatives and their counsel are diligently and timely pursuing the claims" they should "not be penalized due to the courts' heavy dockets and understandable delays in rulings." *Id*. Accordingly, Plaintiffs respectfully request that the Court toll the statute of limitations for potential opt-in employees during the pendency of this motion.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request an order affording the relief requested herein and all other relief the Court deems just and proper.

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiffs*

cc: **Via ECF**
   *All attorneys on record*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JHON VINAS and ANDRES VINAS
on behalf of themselves and all others
similarly situated

                                Plaintiffs,

                                                        DECLARATION OF
                                                        JHON VINAS

              -against-                                   19-cv-02921 (AMD)(RML)

MLJ PAINTING CORP. and
JOSEPH PICATAGGI,
individually,

                                Defendants.
---------------------------------------------------------------x

        Jhon Vinas declares pursuant to 28 U.S.C. § 1747 under penalty of perjury that the following is true and correct:

### Relevant Background

1. I worked as a painter at MLJ Painting Corp. ("MLJ") from June 2015 to June 2017, and again from April 2018 to February 2019.

2. The owner of MLJ is Joseph Picataggi ("Picataggi"). Picataggi was the owner of MLJ during the entire time period that I worked at MLJ.

3. I interviewed with and was hired as a painter by Picataggi.

### Employment at MLJ

4. I worked at various public works projects job sites on behalf of MLJ throughout my employment.

5. Throughout my employment with Defendants, I usually worked more than 40 hours per week.

6. Throughout my employment with Defendants, I was not paid time and one half for

overtime worked (more than 40 hours a week).

7. I was always paid by the Defendants in cash and never received a correct notation of my hours worked. I also never received any notation about my rate of pay.

### My Work Schedule and Salary

8. Throughout my employment with Defendants, Picataggi dictated my work schedule, rate of pay, and form of pay.

9. Depending upon the time I worked for Defendants, I was paid between $100 and $170 a day.

10. From around June 2015 through April 2016, was paid approximately $16.00 an hour. This includes all work performed after 40 hours.

11. From around May 2016 through June 2016, I worked between 10 to 12 hours per day, 6 days a week. During this time period I was paid $16.00 an hour.

12. From around June 2016 through April 2017, I was paid $19.00 per hour. This includes all work performed after 40 hours.

13. From around May 2017 through June 2017, I worked between 10 to 12 hours per day, 6 days a week. During this time period I was paid $19.00 per hour for all hours worked.

14. From around April 2018 through June 2018, I was paid approximately $22.00 per hour—this includes all work performed after 40 hours.

15. From around September 2018 through November 2018, I worked approximately 13 hours per day and 6 days per week. I was paid $22.00 per hour for all hours worked.

16. From around January 2019 through February 2019, I worked more than 40 hours a week but was paid only $22.00 per hour for all hours worked.

17. I frequently worked on public work projects but was not paid the applicable prevailing

2

wage.

## Other Similarly situated Employees at MLJ

18. I believe that there are between approximately 25 to 30 other employees at Defendants (current and former employees) who were not paid time and one half for all work performed after 40 hours.

19. Oswaldo Palacios, Jorge Santiago, Isidro Cruz, Bryan Walo, Bryan Diego Ellis, Carlos Castillo, and Leonardo Garcia worked a similar schedule as me and would complain that they were not paid time and one half for work performed after 40 hours. They also complained to me that they were not paid the applicable prevailing wage.

20. This document was translated in Spanish for me.

Dated: August 23, 2019
       New York, New York

_____
Jhon Vinas