# Solomon & Cramer LLP
1441 Broadway, Ste 6026
New York, New York 10018
t: (212) 884-9102
f: (516) 368-3896

August 29, 2019

**By E-Filing**

The Honorable Ann Donnelly, U.S.D.J.
United States District Court for the Eastern District of New York
25 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Vinas v. MLJ Painting Corp., et al.*, 19-cv-2921 (AMD)(RML)

Dear Judge Donnelly:

This firm represents Defendants in the referenced action. We write in response to Plaintiffs' letter of August 27, 2019, ECF No. 16, regarding conditional certification of an FLSA collective and requesting that a discussion of that issue be included in the scheduled pre-motion conference on September 4, 2019.

Plaintiffs' letter is improper. First, the Court's Individual Practices and Rules do not call for a pre-motion conference letter before making a motion for conditional certification. Second, if Plaintiffs' letter is really supposed to be a motion, it has not been made in accordance with Local Rule 7.1.

Furthermore, Plaintiffs' proposed motion to conditionally certify a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) is premature. At the upcoming pre-motion conference on September 4, Defendants will seek permission to file a motion to dismiss Plaintiffs' Second Amended Complaint, which will include dismissal of Plaintiffs' FLSA claim under Federal Rule of Civil Procedure 12(b)(6). If Defendants are permitted to file their motion to dismiss and it is granted as to the FLSA claim, Plaintiffs' proposed motion to conditionally certify an FLSA collective action obviously would be moot. *See Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 451 (S.D.N.Y. 2014), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015); *Jones v. Elect Home Care, LLC*, No. 14-CV-3018-SHL-DKV, 2015 WL 7709425, at *4 (W.D. Tenn. July 1, 2015).

To avoid potentially unnecessary briefing of Plaintiffs' proposed motion to conditionally certify a collective action, it is respectfully submitted that Defendants' motion to dismiss, if permitted to be filed, should be addressed and resolved first.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon
asolomon@solomoncramer.com