UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
JHON VINAS and ANDRES VINAS,            )
on behalf of themselves and all others  )
similarly situated,                     )
                                        )
                    Plaintiffs,         )     Civil No. 1:19-cv-02921-AMD-RML
                                        )
         v.                             )
                                        )
MLJ PAINTING CORP. and JOSEPH           )
PICATAGGI, individually                 )
                                        )
                    Defendants.         )
-------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Dated: October 2, 2019

SOLOMON & CRAMER LLP
*Attorneys for Defendants*
1441 Broadway, Suite 6026
New York, New York 10018
(t) (212) 884-9102
(f) (516) 368-3896

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.     Summary of Argument ....................................................................................1

II.    Procedural History ...........................................................................................2

III.   Statement of Facts............................................................................................3

IV.    Argument .........................................................................................................5

      A.   Pleadings Standards ..............................................................................5

      B.   Plaintiffs Fail to Adequately Allege A Claim for Unpaid Prevailing Wages
          (First Cause of Action)..........................................................................6

      C.   Plaintiffs' Claim for Unjust Enrichment Must be Dismissed
          (Second Cause of Action) .....................................................................9

      D.   Plaintiffs Fail to Adequately Allege a Claim for Unpaid Overtime
          (Fifth and Sixth Causes of Action) .......................................................9

      E.   The Court Should Decline In Its Discretion To Exercise Supplemental
          Jurisdiction Over the Remaining State Law Claims ............................12

V.     Conclusion .......................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................... 1-1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................21

*Broder v. Cablevision Sys. Corp.*,
    418 F.3d 187 (2d Cir. 2005)..............................................................................................6

*Bustillos v. Acad. Bus., LLC*,
    2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014)..................................................11

*Castiglione v. Papa*,
    423 F. App'x 10 (2d Cir. 2011) ......................................................................................12

*Chiaramonte v. Animal Med. Ctr.*,
    677 F. App'x 689 (2d Cir. 2017) ....................................................................................12

*DeJesus v. HF Mgmt. Servs.*,
    726 F.3d 85 (2d Cir. 2013)......................................................................................2, 9, 10

*Farmer v. Patino*,
    18-cv-01435 (AMD) (LB), 2019 U.S. Dist. LEXIS 1824 (E.D.N.Y. January 4, 2019)......5, 11

*Harris v. N.Y. State Dep't of Health*,
    202 F.Supp.2d 143 (S.D.N.Y. 2002).................................................................................6

*Hart v. Holtzman*,
    215 A.D.2d 175 (1st Dept. 1995)......................................................................................9

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
    711 F.3d 106 (2d Cir. 2013); ............................................................................... 2, 10, 11-12

*Maldonado v. Olympia Mech Piping & Heating Corp.*,
    8 A.D.2d 348 (N.Y. App. Div. 2004) ...............................................................................7

*Marren v. Ludlam*,
    14 A.D.3d 667, 790 N.Y.S.2d 146 (App. Div. 2005) ......................................................7

*Nakahata v. New York-Presbyterian Heathcare Sys.*,
    723 F.3d 192 (2d Cir. 2013)................................................................................2, 5, 9, 10

*New York Charter Sch. Ass'n v. Smith*,
    15 N.Y.3d 403 (2010) .......................................................................................................8

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*,
    712 F.3d 705 (2d Cir. 2013) ..................................................................................................12

*Powell v. Gardner*,
    891 F.2d 1039 (2d Cir. 1989) ................................................................................................12

*Ramos v. SimplexGrinnell LP*,
    740 F.3d 852 (2d Cir. 2014); ..................................................................................................7

*Seidel v. Hoffman*,
    No. 09-cv-04027, 2012 U.S. Dist. LEXIS 105212 (E.D.N.Y. July 26, 2012) .....................7, 8

*Spiteri v. Russo*, No.
    12-cv-2780 (MKB) (RLM), 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sep. 7, 2013).........11

*Subaru Distribs. Corp. v. Subaru of Am., Inc.*,
    425 F.3d 119 (2d Cir. 2005) ....................................................................................................6

*Tutka v. Optimum Constr., Inc.*,
    No. 15-cv-604 (DLI)(CLP), 2016 U.S. Dist. LEXIS 126570 (E.D.N.Y. Sep. 16, 2016).........7

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) ..............................................................................................................12

*Winsch v. Esposito Bldg. Specialty, Inc.*,
    48 A.D.3d 558 (N.Y. App. Div. 2008) ....................................................................................7

*Wright v. Herb Wright Stucco, Inc.*,
    72 A.D.2d 959, 422 N.Y.S.2d 253 (4th Dep't 1979) ..............................................................7

## **Rules and Statutes**

29 U.S.C. §§ 201, et seq...................................................................................................................1

29 U.S.C. § 207(a)(1).......................................................................................................................9

Fed. R. Civ. P. 12(b)(6)....................................................................................................................5

NY Const. Art 1, § 17 ......................................................................................................................6

New York Labor Law §§ 190 et seq. ...............................................................................................1

New York Labor Law § 220 .................................................................................................. 1, 6-7, 8

New York Labor Law § 223 ............................................................................................................7

New York Labor Law §§ 650 et seq. ............................................................................................1, 9

12 N.Y.C.R.R. 142-2-2 ..................................................................................................................1, 9

Defendants MLJ Painting Corp. ("MLJ") and Joseph Picataggi ("Mr. Picataggi" and, together with MLJ, "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiffs' Second Amended Complaint, ECF No. 11 (the "SAC"). As demonstrated below, the SAC does not adequately plead a violation of federal law. If the federal claim is dismissed, then the Court should decline to exercise supplemental jurisdiction over the state law claims. In addition, the first two causes of action, for unpaid prevailing wages under state law, fail to state a claim.

## I. Summary of Argument

This is a wage and hour lawsuit brought as a putative class action and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and under New York Labor Law ("NYLL") Article 6, §§ 190 et seq.; NYLL Article 19, §§ 650 et seq., and their supporting regulations at 12 NYCRR 142-2-2.

The first claim in the SAC, brought as a class claim, is for unpaid prevailing wages under NYLL § 220. Plaintiffs allege that they worked on two projects that they assert were governed by "prevailing wage" contracts. In fact, as the relevant contracts themselves indicate, neither entitles Plaintiffs to prevailing wages.

The second claim in the SAC, brought as a class claim, is for unjust enrichment based on the same incorrect assertion that Plaintiffs worked on "prevailing wage" jobs for Defendants, which was not the case.

The only federal cause of action is the sixth claim, which Plaintiffs purport to bring as a collective action under the FLSA, and which is coterminous with its state law counterpart alleged as a fifth cause of action under the NYLL. In both, Plaintiffs claim that Defendants failed to pay them overtime compensation for hours worked in a week in excess of forty hours. These claims must be dismissed under the federal pleading standards dictated by *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), as interpreted in the FLSA context by *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106 (2d Cir. 2013); *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013), and *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013).

Because the federal claim and its state law counterpart are insufficiently pleaded, the Court should decline to exercise supplemental jurisdiction over the other state law claims and dismiss the action in its entirety.

## II.    Procedural History

On May 16, 2019, Plaintiffs Jhon Vinas ("J. Vinas"), Andreas Vinas ("A. Vinas") and Brayan Diego filed a Complaint in this Court against MLJ and Mr. Picataggi, alleging violations of federal and New York state employment laws, styled as an "FLSA Collective Class Action." ECF No. 1. Days later, Plaintiffs filed an Amended Complaint, dropping Diego as a plaintiff without explanation. ECF No. 5.[1]

On June 14, 2019, Defendants asked the Court for a pre-motion conference in anticipation of filing a motion to dismiss. ECF No. 8. In response, Plaintiffs sought and obtained leave to amend the complaint a second time.

Plaintiffs filed their Second Amended Complaint ("SAC") on July 11, 2019. ECF No. 11. The SAC purports to be brought as both a collective action and as a class action. Plaintiffs assert six causes of action:

- Breach of contract as third-party beneficiaries, under New York law, for a supposed failure to pay prevailing wages for work under public works contracts;

---

[1] Plaintiffs served the Amended Complaint without lawfully issued summonses. ECF Nos. 6 & 7.

- Unjust enrichment, under New York Law, as an alternative theory of recovery for the supposed failure to pay prevailing wages for work under public works contracts;

- Failure to comply with New York's annual wage notice requirement;

- Failure to company with New York's wage statement requirement;

- Failure to pay overtime compensation, under New York law; and

- Failure to pay overtime compensation, under the FLSA.

In amending their complaint a second time, Plaintiffs did not remedy all the various deficiencies initially identified by Defendants with respect to the First Amended Complaint. Thus, on July 12, 2019, Defendants filed a second letter with the Court, again requesting a pre-motion conference in advance of a motion to dismiss for failure to state a claim. ECF No. 13. At the conference, held on September 4, 2019, the Court authorized Defendants to file this motion.

### III.  Statement of Facts

Plaintiffs Jhon Vinas and Andre Vinas are construction workers in living in New York City.  SAC ¶¶ 14-16. They bring this action individually and on behalf of a putative class of painters "to recover New York State mandated prevailing wages and supplemental benefits as well as unpaid overtime and wage notice damages under the New York Wage Theft Prevention Act." SAC ¶ 1. They also seek to bring this action, as a "collective action," for unpaid overtime on behalf of "all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act." "SAC ¶ 2.

Defendant MLJ is a construction business that provides painting services as a subcontractor located in Port Jefferson, New York. SAC ¶ 18. Plaintiffs allege that Defendant Mr. Picataggi is the President and Chief Executive Officer of MLJ. SAC ¶ 19.

3

Plaintiffs allege that they worked as painters on "various public works projects on behalf of Defendants," SAC ¶¶ 93, 112, and identify two such alleged projects in the SAC: "34-42 35th St., Long Island City, NY" ("35th Street") and the Madison Square Boys & Girls Club at "250 Bradhurst Ave., New York, NY" (the "Boys & Girls Club"), SAC ¶¶ 6-7. Neither project was a public works project, nor do the associated contracts provide that Plaintiffs shall be paid prevailing wages.

The relevant contract for the 35th Street job, dated September 18, 2014 (the "35th Street Contract"), is between the owner of the property, Astoria Gardens LLC, and MLJ for work on a new condominium project known as "the Marx Condominiums." The 35th Street Contract is annexed as Exhibit 1 to the accompanying Declaration of Joseph Picataggi, dated October 1, 2019 (the "Picataggi Decl."). The Scope of Work for the 35th Street Contract states that it is "a non-prevailing wage job." Picataggi Decl. Ex. 1 at 38.

The relevant contract for the Boys & Girls Club job, dated June 5, 2017 (the "Boys & Girls Club Contract"), is between the contractor, T.G. Nickel & Associates, LLC, and MLJ, as subcontractor, for painting work under a prime contract with the owner, the Madison Square Boys & Girls Club. Picataggi Decl. Ex. 2. The Boys & Girls Club Contract does not involve a public entity[2] as a party and contains no provision for the payment of prevailing wages. *See id.*

Plaintiffs also allege that they worked overtime but were not properly compensated. Jhon Vinas alleges that MLJ paid him "between $100 and $170 a day" and then alleges various blocks of months during which he claims that he worked more than 40 hours per week. For instance, the SAC alleges:

---

[2] According to its website, the "BGCA is a 501(c)3 (nonprofit) organization and donations are tax deductible."

4

> From around May 2016 through June 2016, J. Vinas worked approximately ten (10) to twelve (12) hours per day, six (6) days per week, for a total of approximately sixty to seventy-two (60-72) hours per week, on public works projects for Defendants, and was not paid the prevailing wage plus supplemental benefits or overtime premiums, but was instead paid approximately sixteen dollars ($16.00) per hour for each hour worked.

SAC ¶ 103. Jhon Vinas repeats this form allegation for other periods with the same paucity of factual detail. *See* SAC ¶¶ 105-109. Andres Vinas's allegations of unpaid overtime work are similarly pleaded. *See* SAC ¶¶ 121-123.

### IV.   Argument

**A.   Pleadings Standards**

The Court is familiar with the standard for ruling on a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6):

> [A] complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Farmer v. Patino*, 18-cv-01435 (AMD) (LB), 2019 U.S. Dist. LEXIS 1824, at *4 (E.D.N.Y. January 4, 2019). The allegations in the SAC must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* "To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief. Determining plausibility is a context-specific endeavor that requires the court to draw upon its experience and common sense." *Nakahata v. New York-Presbyterian Heathcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013) (internal citations omitted).

In ruling on a motion to dismiss, a Court may consider certain documents external to the complaint without thereby converting the motion into one for summary judgment. *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) (collecting cases).

In addition to the allegations in the SAC, a district court may also consider any "documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). Specifically, where a plaintiff relies on a contract as the basis for a claim, the contents of the contract may be taken into account, even if the contract is not attached to the complaint or "formally incorporated by reference." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196-97 (2d Cir. 2005) (affirming dismissal of breach of contract claims when district court reviewed and compared actual contract language to description of contract language in complaint).

**B. Plaintiffs Fail to Adequately Allege A Claim for Unpaid Prevailing Wages (First Cause of Action)**

Plaintiffs' First Cause of Action is for third-party breach of contract for unpaid wages and supplemental benefits as provided by New York's Prevailing Wage Law, which covers public works projects.

Under New York's Constitution, laborers, workers and mechanics cannot "be paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used." NY Const. Art 1, § 17. The Legislature implemented this requirement through NYLL § 220, which provides in relevant part:

> Each contract to which the state or a public benefit corporation or a municipal corporation or a commission appointed pursuant to law is a party, and any contract for public work entered into by a third party acting in place of, on behalf of and for the benefit of such public entity pursuant to any lease, permit or other agreement between such third party and the public entity, and which may involve the employment of laborers, workers or mechanics shall contain a stipulation that no laborer, worker or mechanic in the

6

> employ of the contractor, subcontractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract shall be permitted or required to work more than eight hours in any one calendar day or more than five days in any one week except in cases of extraordinary emergency including fire, flood or danger to life or property

NYLL § 220[2].

The statute contemplates and authorizes enforcement through administrative means, NYLL § 223, and no private right of action is provided. *Marren v. Ludlam*, 14 A.D.3d 667, 669, 790 N.Y.S.2d 146, 147-48 (App. Div. 2005). Courts, however, have permitted employees to use non-payment of prevailing wages to sue on a third-party beneficiary theory. *See Wright v. Herb Wright Stucco, Inc.*, 72 A.D.2d 959, 960, 422 N.Y.S.2d 253 (4th Dep't 1979) (Cardamone, J. P., and Hancock, Jr., reasoning in dissent, plaintiffs, as employees of subcontractor, should not be limited by an available administrative remedy, and may sue to enforce common-law contractual rights as third-party beneficiaries of general contract), *overruled and dissenting opinion adopted*, 50 N.Y.2d 837, 430 N.Y.S.2d 52 (1980)

For plaintiffs here, the first question is standing. In the first cause of action, Plaintiffs purport to sue for breaches of MLJ's contracts but, of course, cannot allege that they were parties to them. As direct claims, Plaintiffs' breach of contract claims fail. *Winsch v. Esposito Bldg. Specialty, Inc.*, 48 A.D.3d 558, 558-59 (N.Y. App. Div. 2008). If they are to sue, it must be as third-party beneficiaries. For that, they are required to identify the contract, *Tutka v. Optimum Constr., Inc.*, No. 15-cv-604 (DLI)(CLP), 2016 U.S. Dist. LEXIS 126570, at *17-20 (E.D.N.Y. Sep. 16, 2016), and that contract must expressly require the payment of prevailing wages. *Ramos v. SimplexGrinnell LP*, 740 F.3d 852, 858 (2d Cir. 2014); *Maldonado v. Olympia Mech Piping & Heating Corp.*, 8 A.D.2d 348, 350 (N.Y. App. Div. 2004); *see, e.g., Seidel v. Hoffman*, No. 09-cv-04027, 2012 U.S. Dist. LEXIS 105212, at *6 (E.D.N.Y. July 26, 2012) (rejecting plaintiff's

argument that § 220 allows a court to infer that a contract includes provisions for the payment of prevailing wages without reference to the actual contract). The SAC fails to do this.

The two alleged public works projects identified in the SAC (35th Street and The Boys and Girls Club, *see* SAC ¶ 6, are not public works projects and do not require the payment of prevailing wages, Picataggi Decl. Exs. 1 & 2. The 35th Street Contract explicitly states "[t]he project is a non-prevailing wage job", Picataggi Dec. ¶ 4, and the Boys and Girls Club's contract contains no provision for the payment of prevailing wages, Picataggi Decl. ¶ 6. Since neither contract requires MLJ to pay prevailing wages, it follows that Plaintiffs could not possibly be the intended beneficiaries of a contractual provision that does not exist.

The SAC tries to avoid this defect by claiming that a "prevailing wage" provision "should have been" included in the contracts. *See* SAC ¶¶ 42, 44, 61, 78. But "should have" does not make it so. If the contract does not require prevailing wages, Plaintiffs (as third parties) cannot create such an obligation based on their view as to what the contract "should have" included. *See, e.g., Seidel v. Hoffman*, No. 09-cv-04027, 2012 U.S. Dist. LEXIS 105212, at *6 (E.D.N.Y. July 26, 2012).

In any event, Plaintiffs' contention that these contracts "should have" included a prevailing wage provision under NYLL § 220 cannot withstand scrutiny. For the prevailing wage law to apply, two conditions must be met: "(1) the public agency must be a party to a contract involving the employment of laborers, workmen, or mechanics, and (2) the contract must concern a public works project." *New York Charter Sch. Ass'n v. Smith*, 15 N.Y.3d 403, 408 (2010) (quoting *Erie County Indus. Dev. Agency v. Roberts*, 94 A.D.2d 532, 537 (4th Dep't 1983), *aff'd*, 63 N.Y.2d 810 (1984)). Here, neither contract involves the state or a public agency as a party. *See* Picataggi Decl. Exs. 1 & 2. Nor does Plaintiffs' conclusory allegation that the

8

Boys & Girls Club is "publicly funded," *see* SAC ¶ 7, cure the defect. S*ee Hart v. Holtzman*, 215 A.D.2d 175, 176 (1st Dept. 1995) ("[S]ignificant partial and even complete governmental funding of an improvement is insufficient to convert a private project into a public works.") (quoting *Nat. R. Passenger Corp. v. Hartnett*, 169 A.D.2d 127, 132 (3d Dept. 1991)).

As Plaintiffs have failed to adequately plead that they worked on a single public works project in which they were not paid prevailing wages, the First Cause of Action should be dismissed.

**C. Plaintiffs' Claim for Unjust Enrichment Must be Dismissed (Second Cause of Action)**

Plaintiffs' Second Cause of Action is for unjust enrichment, a claim supported by the same factual allegations and statutory scheme as the First Cause of Action. Because it is established that Plaintiffs were not entitled to receive prevailing wages, it follows that Defendants were not unjustly enriched by not paying them. The Second Cause of Action must be dismissed.

**D. Plaintiffs Fail to Adequately Allege a Claim for Unpaid Overtime (Fifth and Sixth Causes of Action)**

Plaintiffs are not entitled to overtime under either the NYLL[3] or the FLSA[4], because they have failed to sufficiently allege that they worked over forty hours in any given workweek for which they were not paid overtime.

Under the FLSA, if an employee is engaged in interstate commerce, the employer must provide compensation "at a rate of no less than one and one-half times the regular rate of pay for

---

[3] The SAC references "NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations" in support of the "FIFTH CAUSE OF ACTION Fair Labor Standards Act." SAC ¶ 149. Presumably, Plaintiffs intend to rely upon the New York regulations promulgated under the New York Labor Law regarding overtime, *i.e.* 12 NYCRR § 142-2.2.
[4] Because the FLSA, 29 U.S.C. § 207(a)(1) and 12 NYCRR § 142-2.2 include the same requirements, the analysis under a motion to dismiss applies equally to both. *DeJesus v. HF Mgmt. Servs.*, 726 F.2d 85, 89, n.5 (2d Cir. 2013).

9

any hours worked in excess of forty per week." *Nakahata*, 723 F.3d at 200 (citing 29 U.S.C. § 207(a) (2006)). NYLL has a similar requirement and the federal pleading standards apply equally to both the federal and state law claims. *DeJesus,* 726 F.3d at 89 n.5 (2d Cir. 2013).

The federal pleading standards are sculpted by a trio of 2013 Second Circuit decisions: *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106 (2d Cir. 2013); *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013), and *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013). *Lundy* held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a *given workweek* as well as some uncompensated time in excess of the 40 hours." 711 F.3d at 114 (emphasis added). Building on *Lundy, Nakahata* emphasizes that FLSA plaintiffs must include "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a *given week.*" 723 F.3d at 201 (emphasis added). Finally, *DeJesus* makes clear that a plaintiff cannot meet the minimum pleading standard with conclusory allegations of work in excess of 40 hours in a week without overtime compensation. 726 F.3d at 89-90.

The three 2013 Second Circuit decisions focus on the "given workweek." A plaintiff must identify a specific week (or weeks) in which overtime hours were worked but not properly compensated. For each such week, a plaintiff must provide contextual facts (e.g., hours scheduled, hours worked, compensation paid, start times, end times, breaks) to move the claim from speculative and theoretical to plausible.

The SAC fails to allege sufficiently a violation in "a given week." The SAC's allegations are general and cover several weeks or months, where the beginning and ends of the periods in question are ambiguous (*see, e.g.,* SAC ¶ 103, "From *around* May 2016 through June 2016…").

Neither provides details about the hours worked on specific days or in any one week. Plaintiffs allege no facts about scheduled hours, actual start time, end time, lunch or breaks. Nor do they allege how much they were actually paid (or what they should have been paid) for any specific week or even the precise hourly rate (*see, e.g.* SAC ¶ 106, "but was instead paid approximately nineteen dollars ($19.00) per hour for each hour worked"). Even for the ranges of dates, Plaintiffs are not specific about the number of hours works, providing only broad ranges typically worked. *See, e.g.*, SAC ¶ 103 (alleging "60-72 hours per week"). Missing from the SAC are any factual allegations about hours worked and pay received for any specific week.

    That the SAC lacks sufficient factual context to survive the present motion is confirmed by numerous decisions of courts in this Circuit, including this Court in *Farmer v. Patino,* No. 18-cv-01435 (AMD)(LB), 2019 U.S. Dist. LEXIS 1824, at *9 (E.D.N.Y. Jan. 3, 2019) (dismissing insufficiently pleaded overtime claim based on the failure to "specify how many hours in excess of 40 that he worked per week" and the hours that the plaintiff "came in and left work); *see also*, *Spiteri v. Russo*, No. 12-cv-2780 (MKB) (RLM), 2013 U.S. Dist. LEXIS 128379, at *211 (E.D.N.Y. Sep. 7, 2013) (dismissing overtime claim where "Plaintiff has only generally alleged that '[d]uring the time relevant herein, Plaintiff worked approximately fifty (50) to (60) hours per week' and then alleged an aggregate number of hours worked on each case"); *Bustillos v. Acad. Bus., LLC*, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) (dismissing overtime claim for lacking "factual context," where plaintiff alleged that "his weekly schedule varied from week to week and during his tenure with the Defendants, [he] would regularly work from 60-90 hours per week").

    The other teaching from the three Second Circuit decisions is that in evaluating whether the pleading of uncompensated overtime work is adequate, a District Court should "draw on

11

judicial experience and common sense." *See, e.g., Lundy*, 711 F.2d at 114. Here, Plaintiffs should be given no leeway for their failure to provide details for a "given week" of start times, break times, end times, and compensation received. The reason is that Plaintiffs are experienced in suing employers under the state labor law and the FLSA. The Court can take judicial notice that on February 26, 2018, using the same lawyer as here, Andres and Jhon Vinas sued another contractor, Procida Construction Corp., for wage and hour violations, including the non-payment of overtime compensation. *See Vinas v. Procida Constr. Corp.*, 18-CV-1699 (S.D.N.Y. Feb. 2, 2018) (Complaint attached as Ex. 1 to the accompanying Declaration of Andrew T. Solomon, dated October 2, 2019). Significantly, many of the weeks in which Plaintiffs claim they were not properly compensated in the SAC occurred after Plaintiffs had already sued Procida Construction. *See* SAC ¶¶ 107-110; 123.[5] Knowing what they did about overtime compensation, Plaintiffs have no excuse for not keeping track of their work hours and compensation and their failure to provide those basic details in the SAC, particularly since they were warned about the defect in Defendants' pre-motion conference letter. *See* ECF No. 8 at 2.

E. **The Court Should Decline In Its Discretion To Exercise Supplemental Jurisdiction Over the Remaining State Law Claims**

If the Court dismisses the federal claims, it should decline to exercise supplemental jurisdiction over the remaining state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966); *Chiaramonte v. Animal Med. Ctr.*, 677 F. App'x 689, 692 n.2 (2d Cir. 2017); *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 726-27 (2d Cir. 2013); *Castiglione v. Papa*, 423 F. App'x 10, 13 (2d Cir. 2011); *Powell v. Gardner*, 891 F.2d 1039, 1047 (2d Cir. 1989).

---

[5] Further calling into question the validity of Plaintiffs' claims here, several of the periods alleged for overtime violations in the Procida complaint overlap with periods alleged in the SAC.

12

## V. <u>Conclusion</u>

The Court should dismiss this case with prejudice. Plaintiffs are experienced in suing employers under the federal and state wage and hour laws. They had every opportunity to plead the factual basis for their claims, including a pre-motion conference letter that described the deficiencies, but failed to allege a plausible federal claim. They should not be given another chance.

Dated: New York, New York  
       October 2, 2019

SOLOMON & CRAMER LLP  
*Counsel for Defendants*

By: /s/Andrew T. Solomon  
    Andrew Todd Solomon  
1441 Broadway, Suite 6026  
New York, New York 10018  
t: (212) 884-9102  
f: (516) 368-3896  
asolomon@solomoncramer.com